UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-25431-Civ-WILLIAMS/TORRES

OMAIRA GIL DEL TORO,

      Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social
Security Administration,

      Defendant.
_____/

## REPORT AND RECOMMENDATION ON THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on the parties' cross motions for summary judgment filed by Omaira Gil Del Toro ("Plaintiff") [D.E. 17] and Andrew Saul, the Commissioner of the Social Security Administration ("Defendant" or the "Government") [D.E. 19] on whether the Administrative Law Judge (the "ALJ") properly weighed the evidence presented in reaching an unfavorable decision.[1] Under the limited standard of review that governs this case, the Court finds that substantial evidence supports the ALJ's decision.  Therefore, Plaintiff's motion for summary judgment should be **DENIED**, Defendant's motion for summary judgment should be **GRANTED**, and the ALJ's decision should be **AFFIRMED**.

---

[1]     On December 26, 2019, the Honorable Kathleen Williams referred all pretrial matters to the undersigned Magistrate Judge.   [D.E. 4].

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 59 years old when she applied for supplemental security income ("SSI") on April 22, 2015. She has a ninth-grade education and past relevant work as a cafeteria attendant, cashier, and food salesclerk. Plaintiff filed for SSI benefits due to major depressive disorder, hypertension, osteoporosis, and gastroesophageal reflux disease. The Social Security Agency denied Plaintiff's application at the initial and reconsideration levels. Plaintiff then requested a hearing before an administrative law judge[2] ("ALJ") that took place on January 26, 2018 that resulted in an unfavorable decision on March 12, 2018.

The ALJ found at step one of the sequential process that Plaintiff had not engaged in substantial gainful activity since April 22, 2015. At step two, the ALJ determined that Plaintiff suffered from several severe impairments, including hypertension, depression, and anxiety. The ALJ then added, at step three, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Instead, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she could frequently operate hand or foot controls. She could frequently climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. She could never climb ladders, ropes or scaffolds. She is limited to frequent reaching in all directions. She is

---

[2] The ALJ here was Normal Hemming.

>further limited to frequent handling. She should have no exposure to hazards. Mentally, the claimant is limited to simple, routine, repetitive tasks but not at a production rate pace such as piece work or assembly line work. She is further limited to simple, routine tasks that can be learned in 30 days or less. She could frequently interact with supervisors, coworkers, and the public. Lastly, she should not perform tasks involving the safety or welfare of others.

[D.E. 11 at 20].

Proceeding to step four and relying on the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform her past relevant work as a cashier. The ALJ did not make an alternative step five finding. Following the ALJ's unfavorable decision, Plaintiff requested further review, but the Appeals Council denied that request on October 26, 2018. Plaintiff filed this action seeking judicial review of the administrative proceedings pursuant to 42 U.S.C. § 405(g). Accordingly, this action is now ripe for disposition.

## II.     STANDARD OF REVIEW

Judicial review of an ALJ's final decision is limited to an inquiry into whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1212 (11th Cir. 1999). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing

*Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

In testing for substantial evidence, the court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing another case). Instead, so long as the ALJ's findings are supported by substantial evidence, they are conclusive, and we must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *see also Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings."); *Miles*, 84 F.3d at 1400; 42 U.S.C. § 405(g). However, no presumption of validity attaches to the Commissioner's conclusions of law. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). The Court also reviews the ALJ's decision to determine whether the correct legal standards were applied. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). In this respect, "the ALJ has a basic obligation to develop a full and fair record," as a hearing before an ALJ is not an adversary proceeding. *Id.* (citing another source).

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses. *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are

4

supported by substantial evidence. *See Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). In determining whether the Commissioner's decision is supported by substantial evidence, a court is not to re-weigh the evidence anew. Rather, a court is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. If a decision is supported by substantial evidence, we must affirm even if the proof preponderates against it. A court's responsibility is to ensure that the proper legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

### III.   ANALYSIS

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of producing evidence that proves he or she meets this statutory definition. "The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims" and "[t]hese regulations place[] a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir. 1985)). The steps are followed in order to determine if the claimant is disabled. "If the Commissioner's decision is supported by substantial

5

evidence we must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (internal quotation and citation omitted).

The ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made and the inquiry ends. *See* 20 C.F.R. § 404.1520(b). In the second step, the ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If the ALJ does not make such a finding, then the inquiry ends. *See* 20 C.F.R. § 404.1520(c). At step three, the ALJ compares the claimant's impairments with specific impairments under the regulations that require a finding of disability without further inquiry into the claimant's ability to perform other work. *See Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985) ("Certain impairments are so severe either when considered alone or in conjunction with other impairments that, if such impairments are proved, the regulations require a finding of disability without further inquiry into the claimant's ability to work."). If the claimant's impairment meets or equals a listed impairment, the claimant's disability is presumed, and benefits are awarded. *See* 20 C.F.R. § 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing past relevant work. If the claimant cannot perform past relevant work, then a prima facie case of disability is established. The ALJ assesses a claimant's RFC at this stage, based on all of the other relevant evidence, to

6

determine the extent of a claimant's ability to work despite the alleged impairments. *See* 20 C.F.R. § 416.945(a)(1). A claimant's RFC is an administrative finding of fact concerning the claimant's maximum remaining capacity to perform work-related physical and mental activities on a regular and continuing basis despite the functional limitations and environmental restrictions imposed by his or her medically determinable impairment(s). *See* 20 C.F.R. § 404.1545 ("Residual functional capacity assessment. Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations.").

When making this finding, the ALJ is required to identify the limitations and/or restrictions imposed by the claimant's impairments and then assess his or her work-related abilities on a function-by-function basis. Only upon the conclusion of this function-by-function analysis may an ALJ express a claimant's RFC in terms of the exertional levels of work, i.e., sedentary, light, medium, heavy, and very heavy. This leads to step five – the final inquiry – where the burden shifts to the Commissioner to show that there is other work available in the national economy that the claimant can perform. *See* 20 C.F.R. § 404.1520(e)-(f).

On appeal, Plaintiff challenges the ALJ's decision in three respects: (1) that the ALJ failed to obtain an updated medical expert opinion as required under SSR

96-6p, (2) that the ALJ failed to consider a listed impairment, and (3) that the ALJ's step four finding is erroneous. We consider each argument in turn.

### A. *Whether the ALJ was Required to Obtain an Updated Medical Expert Opinion*

Plaintiff's first argument is that the ALJ committed reversible error when he failed to properly weigh the medical evidence in the record. An ALJ evaluates several factors when determining how much weight to assign a medical opinion, including: (1) whether the physician has examined the claimant, (2) the length, nature, and extent of a treating physician's relationship with the claimant, (3) the medical evidence and explanation supporting the physician's opinion, (4) how consistent the physician's "opinion is with the record as a whole," and (5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). These factors apply to both examining and non-examining doctors. *See id.* Absent good cause, the ALJ must give a treating physician's[3] opinion substantial or considerable weight. *See id.* (noting that more weight is generally given to opinions from treating sources); *see also Winschel*, 631 F.3d at 1179.

Good cause exists when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

---

[3] A treating source is defined as the claimant's "own physician . . . who provides [the claimant] . . . with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

8

*Phillips*, 357 F.3d at 1241. "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.* Furthermore, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefore. *See Winschel*, 631 F.3d at 1179 (reiterating that without a statement from the ALJ, a reviewing court would be unable to determine whether the disability decision was rational and supported by substantial evidence). The opinion of a one-time examiner is not entitled to deference or special consideration. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 878 (11th Cir. 2013) ("[T]he ALJ was not required to defer to Dr. Vrochopoulos's opinion since he was a psychologist who only examined Denomme on a single occasion and did not treat her.") (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)).

The opinion of a non-examining physician is generally entitled to little weight when it contradicts the opinion of an examining physician. *See Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir. 1988). However, "[w]here a non-examining physician's report includes information that is not contained in the examining physicians' reports, but does not contradict the examining physicians' reports, the ALJ does not err in relying on the non-examining physician's report to the extent it contains non-contradictory information." *Kemp v. Astrue,* 308 F. App'x 423, 427 (11th Cir. 2009) (citing *Edwards v. Sullivan,* 937 F.2d 580, 584–85 (11th Cir. 1991)). The weight given to a non-examining physician's opinion depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other

9

evidence. *See* 20 C.F.R. § 404.1527(d)(3)–(4); *see also Crawford,* 363 F.3d at 1160 (holding that the ALJ did not err in relying on consulting physician's opinion where it was consistent with medical evidence and findings of the examining physician). The more consistent a physician's opinion is with the record as a whole, the more weight an ALJ will place on that opinion. *See* 20 C.F.R. § 404.1527(d)(4).

Procedurally, an ALJ is "required to state with particularity the weight he [gives] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir. 1987). Absent such a statement, a reviewing court cannot determine whether the ultimate decision is supported by substantial evidence. *See Hudson v. Heckler,* 755 F.2d 781, 786 (11th Cir. 1985) (citation omitted). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the court "to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer,* 395 F.3d at 1211. If an ALJ makes clear that he or she considered a physician's opinion and that the findings were consistent with the opinion, then there is no harmful error. *See Colon v. Colvin*, 600 F. App'x 867, 870 (11th Cir. 2016). In other words, "even if the ALJ erroneously failed to explicitly assign weight to and discuss every aspect of [a doctor's] opinion, this error [is] harmless because it is still clear that the ALJ's rejection of the portions of [the doctor's] opinion that are inconsistent with the ALJ's ultimate conclusion was based on substantive evidence." *Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 672 (11th Cir. 2014).

Here, Plaintiff says that the ALJ's decision lacks substantial evidence because, in weighing the medical evidence in the record, he failed to require – let alone consider – an updated medical opinion from a state agency consultant. The ALJ assigned a state agency consultant some weight because he "did not have the benefit of reviewing the other medical reports contained in the current record." [D.E. 11 at 22]. But, Plaintiff claims that Social Security Ruling (SSR) 96-6p requires an ALJ to obtain an updated medical opinion before it can be weighed properly because otherwise the decision is based on incomplete record:

> [A]n administrative law judge and the Appeals Council must obtain an updated medical opinion from a medical expert . . . [w]hen additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

SSR 96-6p, 1996 WL 374180, at *3-*4 (S.S.A. July 2, 1996). And since an updated medical opinion is an absolute requirement for a decision to have substantial evidence, Plaintiff asks that this case be remanded for further proceedings and an updated medical opinion.

Plaintiff's argument fails, at the outset, because the Social Security Administration rescinded SSR 96-6p and replaced it with SSR 17-2p effective March 27, 2017. *See Richardson v. Saul*, 2020 WL 1276102, at *6 (S.D. Ala. Mar. 17, 2020) ("[T]he Commissioner does point out, correctly, that SSR 96-6p was rescinded and replaced by SSR 17-2p effective March 27, 2017, before the ALJ's decision on Richardson's applications was issued on October 31, 2017.") (citing *See* SSR 17-2p,

11

2017 WL 3928306, at *1 (stating that with an effective date of March 27, 2017, "[t]his Social Security Ruling (SSR) rescinds and replaces SSR 96-6p")). That rescission also occurred prior to the date that the ALJ rendered his decision here on March 12, 2018. It is therefore unclear how Plaintiff can rely on SSR 96-6p when, by its terms, it does not apply.

However, if we assume that SSR 96-6p applied, Plaintiff's argument still lacks merit because there is no absolute requirement for an ALJ to consider an updated medical opinion. That regulation only requires an updated medical opinion "when the ALJ is of the opinion that the additional medical evidence may change the finding that an impairment is not equivalent to any of those listed in the Social Security Administration regulations." *Carpenter v. Comm'r of Soc. Sec.*, 614 F. App'x 482, 487–88 (11th Cir. 2015) (citing SSR 96–6p, 1996 WL 374180, at *1 (July 2, 1996)). And Plaintiff fails to advance any argument that required the ALJ here to consider an updated opinion when all the other evidence supported an unfavorable decision. Thus, Plaintiff's argument is mistaken for at least two reasons because it relies on the wrong Social Security regulation and then doubles down on that error with no arguments as to why an updated medical opinion is required.

  **B.**  ***Whether the ALJ was Required to Consider Listing 12.03***

Plaintiff's next argument is that the ALJ's decision lacks substantial evidence because it fails to consider listed impairment 12.03. While Plaintiff admits that the ALJ considered listed impairments 12.04 and 12.06, Plaintiff says that 12.03 is found

nowhere throughout the decision. And since the ALJ failed to consider a specific argument raised during the administrative proceedings, Plaintiff concludes that this case should be remanded to correct for this misstep.[4]

Plaintiff's argument fails because an ALJ's failure to discuss specific listings "does not necessarily show that the ALJ did not consider those listings." *Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015). That is, "[w]hile the ALJ is required to consider the Listing of Impairments in making a decision at step three, [the Eleventh Circuit] do[es] not require an ALJ to 'mechanically recite' the evidence or listings she has considered." *Id.* (quoting *Hutchison v. Bowen,* 787 F.2d 1461, 1463 (11th Cir. 1986). The reason a mechanical recitation is not always required is because a finding may be implied where an ALJ has considered all of the evidence and states that the listings are otherwise inapplicable. *See id.* ("[I] n the absence of an explicit determination, we may infer from the record that the ALJ implicitly considered and found that a claimant's disability did not meet a listing.") (citing *Bowen*, 787 F.2d at 1463 ("There may be an implied finding that a claimant does not meet a listing.")).

That applies here because – although the ALJ only gave specific reasons for why listings 12.04 and 12.06 were inapplicable – the ALJ stated elsewhere that "[t]he claimant does not have an impairment or combination of impairments that meets or

---

[4] Listing 12.03 looks to whether a claimant has schizophrenia, paranoia, and other psychotic disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03.

13

medically equals the severity of one of the listed impairments in 20 CFR Part 303, Subpart P, Appendix 1[.]". [D.E. 11 at 18]. And that, by implication, includes listing 12.03. The ALJ also thoroughly reviewed Plaintiff's mental impairments throughout the sequential evaluation process and, given that sections 12.04 and 12.03 are almost identical, there is substantial evidence that neither listing applies. *See, e.g., Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 677–78 (11th Cir. 2015) ("All three listings—12.02, 12.03, and 12.08—require a claimant to satisfy the same paragraph B criteria, which concerns functional limitations caused by the mental impairment, despite requiring differing qualifying symptoms.").

Courts have found that, when an ALJ considers listing 12.04 (as the ALJ did here), the criteria are so similar that it encapsulates the same considerations found in section 12.03:

> [T]he Court also finds that the record shows that the ALJ implicitly found that R. Black's mental impairments, including the psychotic disorder severe impairment the ALJ identified at step 2 of the sequential evaluation process, does not meet or medically equal the criteria of section 12.03, which pertains to schizophrenic, paranoid, and other psychotic disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03. Because section 12.03 contains paragraphs B and C that are substantively identical to paragraphs B and C contained in section 12.04 and section 12.08, the Court's analysis that the ALJ's determination that R. Black's mental impairments do not satisfy the paragraph B or C criteria of sections 12.04 and 12.08 is supported by substantial evidence equally applies to the evaluation of R. Black's mental impairments under section 12.03. For these reasons, the Court finds that the ALJ's determination that R. Black's impairments or combination of impairments do not meet or medically equal the severity of any of the listed impairments set forth in Appendix 1 to Subpart P of Part 404 is supported by substantial evidence.

14

*Black v. Colvin*, 2015 WL 6082112, at *10 (S.D. Ala. Sept. 17, 2015), *Report and Recommendation adopted*, 2015 WL 5999842 (S.D. Ala. Oct. 15, 2015). So, given the ALJ's review of all the evidence in the record and the consideration of Plaintiff's mental impairments in listing 12.04, we cannot conclude that the decision lacks substantial evidence for the omission of 12.03.

However, even putting that aside, Plaintiff's argument falls short for an entirely separate reason because Plaintiff never articulates how her impairments meet listing 12.03. She only mentions in two conclusory paragraphs that the ALJ failed to consider listing 12.03 and that remand is required. But, "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) (citing *Continental Tech. Serv., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991); Fed. R. App. P. 28(a)(4)). That principle applies here because, with nothing other than a fleeting reference to the omission of listing 12.03, Plaintiff has not explained why remand is appropriate nor has she grappled with how the ALJ considered her mental impairments in the evaluation of other listings. Plaintiff's second argument is therefore unavailing for at least two reasons and, as a result, we cannot conclude that the ALJ's decision lacks substantial evidence.

### C. *Whether Substantial Evidence Supports the Step Four Finding*

Plaintiff's final argument is that the ALJ's decision lacks substantial evidence as to the finding that she can return to her prior occupation as a cashier. Plaintiff takes issue with the step four finding because of how the ALJ placed significant weight on the source opinions of Drs. Jessy Sadovnik ("Dr. Sadovnik") and Thomas Conger ("Dr. Conger"). Plaintiff asserts that these opinions do not go hand in hand with the ALJ's decision because the doctors opined that Plaintiff could only have limited social interactions whereas the ALJ determined that Plaintiff could have frequent interactions with supervisors, coworkers, and the general public. Plaintiff reasons that the two are contradictory, impossible to reconcile, and that this case must be remanded so that a vocational expert can opine on the correct level of impairments.

The problem with Plaintiff's argument is that it lacks support in the record. Plaintiff says that two doctors "clearly stated that the Claimant could only have limited social interaction." [D.E. 17 at 7 (citation omitted)]. But, that remark is overstated because Drs. Sadovnik and Conger never rendered that opinion. They opined instead that Plaintiff was "[n]ot significantly limited" in her ability to interact with the general public, only "[m]oderately limited" in accepting instructions and responding appropriately to criticism from supervisors and coworkers/peers, and "[n]ot significantly limited" in maintaining socially appropriate behavior. [D.E. 11 at 88-89, 104]. Plaintiff is therefore presenting a conflict between the ALJ's decision

and Drs. Sadovnik and Conger where none exists. Plaintiff has, in other words, misconstrued these opinions and interpreted them as meaning that she has limitations on her social interactions when that is inconsistent with the findings in the record. It is therefore unclear how Plaintiff can conclude that a conflict exists when the arguments she presented are not based on findings in the record.

Plaintiff's argument is also uncompelling because the ALJ relied on copious amounts of other evidence to show that Plaintiff can have frequent interactions with supervisors, coworkers, and the public. The ALJ referenced, for example, Plaintiff's own testimony where she reported that she visits her daughter frequently, attends church services, travels to the casino, and plays with her grandchildren. *Id*. at 19-20. The ALJ also relied on evidence showing that Plaintiff was calm and cooperative when interacting with medical providers. *Id*. at 18, 21-22. That means Plaintiff's argument falls flat not only because it distorts the opinions of Drs. Sadovnik and Conger, but also due to all the other evidence that shows how the ALJ's decision is consistent with the evidence in the record. Accordingly, each of Plaintiffs arguments lack merit and substantial evidence fully supports the ALJ's decision. Plaintiff's motion for summary judgment [D.E. 17] should be **DENIED**, Defendant's motion for summary judgment [D.E. 19] should be **GRANTED**, and the ALJ's decision should be **AFFIRMED**.

## IV. CONCLUSION

Substantial evidence supports the ALJ's findings as noted in the unfavorable decision. The ALJ applied proper legal standards and any errors therein did not prejudice Plaintiff and were harmless. For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's motion for summary judgment [D.E. 17] be **DENIED**, that Defendant's motion for summary judgment [D.E. 19] be **GRANTED**, and that the ALJ's decision be **AFFIRMED**.[5]

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to

---

[5] Plaintiff failed to present any other arguments despite the complaint including additional allegations with respect to the ALJ's decision lacking substantial evidence. We do not consider any issues that Plaintiff failed to raise because "an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (citing *Walter Int'l Prods. Inc. v. Salinas,* 650 F.3d 1402, 1413 n.7 (11th Cir. 2011) (holding that the appellant abandoned a claim for tortious interference with a contract by making "nothing more than a passing reference" to it in the initial brief); *Singh v. U.S. Att'y Gen.,* 561 F.3d 1275, 1278 (11th Cir. 2009) (explaining that "an appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," and that "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal") (quotation marks omitted); *United States v. Jernigan,* 341 F.3d 1273, 1283 n.8 (11th Cir.2003) (holding that an evidentiary issue was abandoned on appeal because the appellant's brief "contain[ed] only four passing references to the evidence . . . each of which [was] embedded under different topical headings"); *Cont'l Technical Servs., Inc. v. Rockwell Int'l Corp.,* 927 F.2d 1198, 1199 (11th Cir. 1991) (holding that "Appellant's simple contention that California law controls does not present an argument based on California law" because an "issue raised perfunctorily without citation to authority constitutes waiver of [the] issue")).

file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 4th day of May, 2021.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge